|     |                                                                                   |
| --- | --------------------------------------------------------------------------------- |
| 1   |                                                                                   |
| 2   |                                                                                   |
| 3   |                                                                                   |
| 4   |                                                                                   |
| 5   |                                                                                   |
| 6   |                                                                                   |
| 7   |                                                                                   |
| 8   |           IN THE UNITED STATES DISTRICT COURT                                     |
| 9   |           FOR THE EASTERN DISTRICT OF CALIFORNIA                                  |
| 10  | DESMON LOEB.,                                                                     |
| 11  |     Plaintiff,                    No. CIV S-05-00903 ALA HC                       |
| 12  |     vs.                                                                           |
| 13  | D.L. RUNNELS, et al.,                                                             |
| 14  |     Defendants.           ORDER                                                   |
| 15  | _____/                                               |

Plaintiff, Mr. Loeb, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Mr. Loeb's second amended complaint. Within the second amended complaint, Mr. Loeb alleges that: (1) that a 21 week-long lock down, beginning in January of 2005, at High Desert State Prison, deprived him of outdoor exercise in violation of the Eighth Amendment; (2) that he was deprived of clothing for 21 days following a cell extraction on April 22, 2005; and (3) that he was deprived of sanitary items and utensils, and placed on continued management status, beyond twenty four hours, following a cell extraction on April 22, 2005.

Defendants Runnels, Felker, Rath, Hickman, Wright, and Wong filed a motion to dismiss on March 6, 2007 as to part of the second amended complaint. Defendants argue that: (1) Mr. Loeb has failed to exhaust his administrative remedies as to the claim that he was deprived of

outdoor exercise; and (2) Mr. Loeb's claims against defendant Wright cannot be maintained because he has been sued purely in his supervisory capacity.  Defendants also request that the court grant them an extension of time to respond to the remaining claims in the complaint.

I

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532  (2002).  The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *Id.* at 741 n. 6.  Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 126 S.Ct. 2378, 2382 (2006).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune*, 315 F.3d 1108, 1117- 19 & nn. 9 & 13 (9th Cir.), *cert. denied sub nom. Alameida v. Wyatt*, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt*, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. "I[f] the district court looks beyond the

pleadings to a factual record in deciding the motion to dismiss for failure to exhaust--a procedure closely analogous to summary judgment--then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." *Id*. at 1120 n. 14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.  On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." *Jones*, 127 S.Ct. at 924.

      In California, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal.Code Regs. tit. 15, § 3084.1(a).  The California Department of Corrections has an administrative grievance system for prisoner complaints. *Id.*  The process is initiated by submitting a CDC Form 602. *Id*. at § 3084.2(a). Three levels of appeal are involved, including the first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id*. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id*. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford*, 126 S.Ct. at 2383.  Thus, a prisoner in California is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir.2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir.2002).

      In the present case, Defendants argue that Mr. Loeb did not exhaust his administrative remedies as to the claim that he was deprived of outdoor exercise.   However, the documents produced by Defendants are inadequate to establish that Mr. Loeb failed to exhaust California's administrative review process.  On June 17, 2005,  Mr. Loeb filed a CDC Form 602 following addressing the April 22, 2005 cell extraction.  See Defendants' Reply to Plaintiff's Motion to

3

Dismiss, Exhibit A.  While the bulk of the claims presented in this CDC Form 602 pertained to the conditions of the April 22, 2005 lockdown, Mr. Loeb also claims that he was deprived of outdoor activities during lockdown periods, starting in January 2003.  In his prayer for relief, he seeks "outdoor exercise." *Id.*  In the his Second Level appeal, Mr. Loeb expands on his claim that he was deprived of outdoor exercise.  *Id.*  The record indicates that subsequently a Director's Level Appeal Decision was issued on October 19, 2005.  Though this Decision does not address Plaintiff's alleged deprivation of outdoor exercise, Defendants have not carried their burden to show that Plaintiff did not raise this claim.  Defendants did not submit a copy of Mr. Loeb's third appeal.  Therefore, the record is insufficient to establish that Mr. Loeb failed to exhaust his administrative appeals.  *See Wyatt*, 315 F.3d at 1120.

Defendants also submit two declarations in support of their argument that Mr. Loeb failed to exhaust his administrative remedies.  See Defendants' Motion to Dismiss, Exhibit A, Exhibit B.  Both declarations were made by employees of the California Department of Corrections and Rehabilitation.  Both employees state that they were unable to locate any appeals concerning an alleged deprivation of outdoor exercise.  However, as discussed above, this claim was raised in both the first and second level of Mr. Loeb's CDC Form 602 appeals.  In light of the record submitted, neither Declaration establishes that Mr. Loeb failed to exhaust his administrative remedies.  *See Wyatt*, 315 F.3d at 1120 ("The affidavit, although describing the inmate appeals process, does not state whether or not Wyatt has exhausted his appeals. There is no evidence in the record establishing that the 'Appeal Record' is what defendants say it is."). Accordingly, the Defendants have not carried their burden to prove that Mr. Loeb's claim is unexhausted.

II

Second, Defendants argue that Defendant Wright should be dismissed because he cannot be held liable through a theory of vicarious liability.   Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat*

4

*superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (internal citations omitted). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983 . *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993).

　　Here, the claims against Defendant Wright are based on nothing more than his supervisory position. In his second amended complaint, Mr. Loeb's allegations are limited to the supervisory role Defendant Wright played in allegedly: (1) supervising correctional officers during an April 22, 2005 cell extraction of Mr. Loeb; (2) not interviewing Mr. Loeb following the April 22, 2005 cell extraction; and (3) failing to organize a plan of operations to allow outdoor exercise for Mr. Loeb. These allegations are not sufficient for liability to attach to Defendant Wright. Accordingly, the allegations against Defendant Wright are dismissed.

/////

　　In accordance with the above, IT IS HEREBY ORDERED that:

1. The Defendants' motion to dismiss is DENIED as to Mr. Loeb's Eighth Amendment claim that he was denied outdoor exercise;

2. The Defendants' motion to dismiss is GRANTED as to Defendant Wright; and

3. The Defendants must file a responsive pleading within fifteen days, addressing the remaining claims in Mr. Loeb's second amended complaint.

/////

DATED: December 14, 2007    /s/ Arthur Alarcón
                            UNITED STATES CIRCUIT JUDGE
                            Sitting by Designation